### WALLING v. WESTERN WEIGHING & INSPECTION BUREAU.

No. 44C148.

District Court, N. D. Illinois, E. D.

Sept. 19, 1945.

Douglass B. Maggs, Sol., Archibald Cox, Associate Sol., David S. Polier, Supervising Atty., all of Department of Labor, all of Washington, D. C., and Kenneth P. Montgomery, Regional Atty., and Samuel B. Perlman, Atty., both of Department of Labor, both of Chicago, Ill., for plaintiff.

Amos M. Mathews, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Upon a consideration of the stipulation of facts filed herein, the pleadings, the briefs and arguments of the parties, and the authorities therein cited, I find the issues for the defendant.

The evidence and the authorities clearly disclose, in my opinion, that the defendant, an unincorporated association of railroads, is not the employer of the employees here involved, but that said employees are joint employees of the railroads comprising the defendant association. The Western Weighing and Inspection Bureau has no legal existence of its own, but is a joint department of the member railroads which set it up. Its employees are under the direct supervision of the member railroads exercised through the board appointed by the member railroads which in turn selects the manager to supervise their duties. Accordingly, it is my opinion that the employees here involved are employees of the railroads and as such are the employees of an employer subject to the provisions of Part I of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., and, therefore,

exempt from the provisions of the Act upon which the plaintiff herein sues.

Before making findings of fact and conclusions of law, I must rule on one objection set forth on page 28 of the printed brief of the defendant filed herein December 16, 1944. The objection is made pursuant to the provisions of the stipulation of facts herein filed and goes to a certain letter of one J. Haden Alldredge to the Secretary of Labor. I sustain the objection of the defendant to the said document and the said letter will not be considered as evidence herein and is accordingly stricken from the stipulation of facts.

### Findings of Fact.

I find the facts as set forth in the stipulation of facts filed herein October 12, 1944.

### Conclusions of Law.

I conclude that the employees, the subject of the complaint filed herein, are not employees of the defendant, but are joint employees of the various railroads comprising the defendant and as such are the employees of an employer subject to the provisions of Part I of the Interstate Commerce Act, and, therefore, exempt from the provisions of the Act sued upon herein.

### Order

Upon the finding of the issues for the defendant, it is ordered, adjudged and decreed that plaintiff's complaint herein be and the same is hereby dismissed.